UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| SIDNEY CHARLES RANDALL, | ) | CASE NO. C06-0798-JCC-MAT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER DENYING MOTION FOR |
| T. LARSON, | ) | APPOINTMENT OF COUNSEL |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Plaintiff is a Washington state prisoner proceeding *pro se* and *in forma pauperis*. He brings this civil rights action pursuant to 42 U.S.C. § 1983 and has moved for appointment of counsel. Having reviewed plaintiff's motion for appointment of counsel and the balance of the record, the court does hereby find and ORDER:

(1) Plaintiff's motion for appointment of counsel (Doc. #9) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984);

*Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims himself. Accordingly, plaintiff has not demonstrated that this case involves exceptional circumstances that warrant appointment of counsel.

(2)    The Clerk is directed to send copies of this Order to plaintiff and to the Honorable John C. Coughenour.

DATED this <u>21st</u> day of July, 2006.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION
FOR APPOINTMENT OF COUNSEL
PAGE -2